IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**TIMOTHY WHITE**
 **a/k/a KEVIN SHANNON,**
    **Petitioner,**

v.                                                          Case No.  3:05cv156/MCR/MD

**CHARLIE MORRIS,**
 **Sheriff of Okaloosa County, Florida,**
    **Respondent.**
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon transfer from the United States District Court for the Middle District of Florida.  (Doc. 1, Order of Transfer of 4/28/05). Petitioner commenced this action on April 20, 2005 by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1, Pet.).  Respondent has filed a motion to dismiss the petition without prejudice on grounds that petitioner failed to name the proper respondent and failed to exhaust all available state remedies.  (Doc. 21). The court provided petitioner an opportunity to respond to the motion, and petitioner has asked the court for an extension of time in which to do so.  (Docs. 22 & 23). However, because this case has become moot and the court is without jurisdiction to decide it, the court concludes that the petition should be dismissed.

## BACKGROUND

On June 29, 1987 petitioner was convicted of burglary in two separate cases in the Circuit Court of Mobile County, Alabama.  (Doc. 21, Ex. A; Doc. 1, Pet. Ex. D). He was sentenced to three years in prison.  (*Id.*).  He was extradited to the State of Florida in 1987 to face Florida charges.  (Doc. 1, Pet. at 6A and Ex. A).  On December 14, 1987 petitioner was convicted in the Circuit Court of Duval County, Florida in

case number 85-1835 of lewd and lascivious acts on a child.  *See* www.dc.state.fl.us.  He was sentenced to four years in prison.  (*Id.*).  On November 14, 1988 petitioner was convicted of aggravated battery in the Circuit Court of Volusia County, Florida in case number 88-3268.  (*Id.*).  He was sentenced to one year and six months imprisonment.  (*Id.*).  It appears petitioner was released in 1989.  (*Id.*).

On March 14, 1991 the Alabama Department of Corrections issued a fugitive warrant for the retaking of petitioner for his return to Alabama.  (Doc. 1, Pet., ex. D).  That same day, petitioner was arrested in Duval County, Florida for being a fugitive from Alabama.  (Doc. 1, Pet. at 6A and Exs. A, B, D, & E).  Because petitioner refused to waive extradition, a fugitive complaint was filed against him in the Duval County Circuit Court.  Shortly thereafter, the Governor of Alabama filed a formal extradition request with the Governor of Florida.[1]  (Doc. 1, Pet., Exs. A & B).  The Governor of Florida issued an extradition warrant.  (*Id.*, Ex. A).  Petitioner challenged extradition by filing a state petition for writ of habeas corpus in the Duval County Circuit Court, case number 91-8878.  (*Id.*, Ex. B).  On June 21, 1991 the court granted the writ, citing technical insufficiencies of the extradition documents, and ordered petitioner's release.  (*Id.*, Ex. A).

On November 6, 1992 petitioner was convicted of burglary in the Circuit Court of Duval County, Florida in case number 92-4672.  *See* www.dc.state.fl.us.  He was sentenced to twelve years in prison.  (*Id.*).  On May 19, 1993 petitioner was convicted in the Duval County Circuit Court, case number 92-12174, of battery on a law enforcement officer or other official personnel.  He was sentenced to two years imprisonment.  *See* www.dc.state.fl.us.  In 1993, Alabama filed detainers with the Florida Department of Corrections for petitioner's extradition upon expiration of his sentence.  (*Id.*).

On February 6, 2005 petitioner was released from the Florida Department of Corrections on conditional release.  However, he was immediately arrested by the Okaloosa County Sheriff's Office for being a fugitive from Alabama, and transferred to the Okaloosa County Jail.  (Doc. 1, Pet., Ex. C; Doc. 21, Ex. E).  A fugitive

---

[1]The request was titled "Written Application for Requisition."  (Doc. 1, Pet., Exs. A & B).

extradition proceeding was commenced in the Circuit Court of Okaloosa County, Florida, case number 05-343.  See www.clerkofcourts.cc, *State of Florida v. Timothy White,* case number 2005 CF 000343.   On May 2, 2005 petitioner was transported back to the State of Alabama. (Doc. 21, Ex. E).  Upon learning this fact, on May 11, 2005 Florida dismissed its case against petitioner.  (Doc. 5, Ex. A; *see* www.clerkofcourts.cc, case number 05-343).  Petitioner is now incarcerated at Kilby Correctional Facility in Mt. Meigs, Alabama with a release date of November 18, 2007.  (Docs. 4-6, 9, 14, 19, 23; *see also* www.doc.state.al.us).

## DISCUSSION

Petitioner commenced this federal habeas proceeding on April 20, 2005 while incarcerated at the Okaloosa County Jail.  Petitioner challenged his February 6, 2005 arrest and Florida's fugitive extradition proceeding on the grounds that they were barred by principles of res judicata and double jeopardy.  As relief, petitioner sought immediate release from detention.[2]  (Doc. 1, Pet., pp. 6, 6A-6D).

This court is obligated to raise the question of its own jurisdiction even when the issue is not brought to the court's attention by the parties.  *Medberry*, 351 F.3d at 1054 n.3 ("'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties.'" (quoting *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980))).  Because the petitioner in this case has already been transferred to Alabama and the

---

[2]Since the petition does not attack a criminal conviction but claims pretrial errors, it is properly raised under 28 U.S.C. § 2241.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91, 93 S.Ct. 1123, 1126-27, 35 L.Ed.2d 443 (1973); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("[A] person held in . . . pre-trial detention would not be 'in custody pursuant to the judgment of a State court' [within the meaning of § 2254].  Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."); *Stacey v. Warden, Apalachee Correctional Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions, such as the one filed in *Braden*, are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.  Section 2254, in contrast, applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" (citations omitted)); *see also Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (explaining that a state court defendant held pursuant to a state court judgment should file a habeas petition under 28 U.S.C. § 2254, but that a state court defendant attacking his pretrial detention should bring a habeas petition under 28 U.S.C. § 2241); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (same).  The court therefore construes the instant petition as seeking relief under § 2241.

**State of Florida has dismissed its extradition case, the relief petitioner seeks in this action -- prevention of his extradition to Alabama and immediate release -- can no longer be granted, and this matter is moot.[3]  This court cannot give any effective habeas relief to petitioner.  In order to challenge the validity of his present incarceration in Alabama, petitioner must bring his petition for habeas relief within the district in which he is incarcerated or within the district in which he was convicted, after exhausting the remedies available to him in the Alabama state courts. 28 U.S.C. § 2241(d); 28 U.S.C. § 2254(b)(1).  See e.g., Edwards v. Bowles, 109 Fed.Appx. 704 (5th Cir. 2004) (Table, text in WESTLAW) (dismissing as moot petitioner's appeal in federal habeas proceeding challenging extradition from Texas to California where petitioner was extradited to California during pendency of appeal); Gould v. Colorado, 45 Fed.Appx. 835 (10th Cir. 2002) (Table, text in WESTLAW) (prisoner, who was detained by state authorities, failed to make substantial showing of denial of any constitutional right by denial of his motion for relief from indictment and extradition (construed by the district court as a petition**

---

[3]There is an exception to the rule that a petition for habeas corpus becomes moot when a prisoner is released from custody before the court is able to address the merits of the petition, where the prisoner can show that he will suffer collateral legal consequences if the challenged conviction is allowed to stand. Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). In Carafas, for example, the prisoner demonstrated that he was unable to engage in certain businesses and he could not vote nor serve on a jury. Id. Here, petitioner is not requesting that any conviction be overturned. Instead, he is challenging only the validity of the extradition proceeding and is asking this court to terminate that proceeding by discharging the fugitive warrant and releasing him from the State of Florida's custody. Petitioner has not alleged, and this court's independent review of the record does not support any finding of collateral consequence adverse to petitioner which flows from the mere fact of his extradition. Although petitioner's Alabama sentences, which followed from his allegedly unconstitutional extradition, would seem to have presumptively adverse collateral consequences, petitioner does not and cannot challenge his Alabama convictions or sentences in this proceeding.

Furthermore, anticipating that petitioner may argue that despite the fact that he has been extradited to Alabama, his habeas petition is not moot because his situation in capable of repetition yet evading review, this court concludes as follows. A case is capable of repetition yet evading review if (1) the challenged action is too short in duration to be fully litigated prior to its expiration, and (2) there is a reasonable expectation or demonstrated probability that the same complaining party would be subjected to the same action again. Murphy v. Hunt, 455 U.S. 478, 482 (1982); Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Even if the time between the petitioner's arrest on the fugitive warrant and his actual extradition to Alabama was too short in which to fully litigate his challenge, the facts in this case do not present a situation where petitioner could reasonably expect to be subjected to another extradition proceeding in Florida based on the same fugitive warrant. Therefore, the second element of the test is not satisfied.

Case No: 3:05cv156/MCR/MD

for writ of habeas corpus) in order that he might obtain certificate of appealability; extradition issue was moot given that state had dismissed extradition complaint); *Carney v. Clark*, 172 F.3d 52 (7th Cir. 1999) (Table, text in WESTLAW) (dismissing as moot petitioner's appeal in § 2241 action which sought to prevent federal authorities from transferring petitioner to California upon expiration of his federal sentence where petitioner was extradited to California during pendency of appeal); *Sloan v. Hennessey*, 15 F.3d 1089 (9th Cir. 1993) (Table, text in WESTLAW) (affirming dismissal of federal habeas petition on grounds of mootness, where petitioner challenged California extradition proceeding but was extradited to Virginia during pendency of habeas proceeding); *Balawajder v. Winter*, 936 F.2d 576 (9th Cir. 1991) (Table, text in WESTLAW) (dismissing as moot petitioner's appeal in federal habeas proceeding challenging California extradition proceeding where petitioner was extradited from California to Texas during pendency of appeal).

Accordingly, it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1, Pet.) challenging petitioner's detention for extradition to Alabama, in the case of *State of Florida v. Timothy White*, in the Circuit Court of Okaloosa County, Florida, case no. 05-343, be DISMISSED as moot.

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 19th day of September, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**